IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JOHN T. MOSS                                                                                           PLAINTIFF
ADC #79311

V.                                        NO: 2:13CV00117 DPM/HDY

CORIZON CMS *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

1

>> hearing before the District Judge in the form of an offer of
>> proof, and a copy, or the original, of any documentary or
>> other non-testimonial evidence desired to be introduced at
>> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>> Clerk, United States District Court
>> Eastern District of Arkansas
>> 600 West Capitol Avenue, Suite A149
>> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff John T. Moss, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on September 12, 2013, alleging that Defendants have been deliberately indifferent to his medical needs. On October 3, 2014, Defendants Joann Burnett, Corizon Inc., Connie Hubbard, Ojiugo Iko, and Jennifer McBride-Andrews ("Medical Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #159-#161). That same day, Defendants Jimmy Banks, Barrow, Bradley, Yolanda Clark, Telicia Dobbs, Daryl Gardner, Daryl Golden, Grant Harris, Brandi Hudgens, S. Hudson, C. Jones, Wendy Kelly, Knight, Louis, Madden, Larry May, Moton, Powell, Rayford, Shabaze, Christopher Shorter, Donald Tate, Thompson, and Turner ("ADC Defendants"), filed a motion for summary judgment, a brief in support, a statement of facts, and a number of addendums (docket entries #162-#168). Plaintiff filed responses on November 14, 2014 (docket entries #172 & #173). The ADC Defendants filed a reply on November 17, 2014 (docket entry #174).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he has been denied adequate medical care for his diabetes. Plaintiff asserts the problems began when he transferred from the East Arkansas Regional Unit ("EARU") to the Varner Unit.

<u>Medical Defendants</u>

The Medical Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against Corizon, Iko, and McBride-Andrews; that Plaintiff's medical care was appropriate and he did not suffer an Eighth Amendment violation, that his claims against Corizon and McBride-Andrews are not actionable, and that Plaintiff's Americans With Disabilities Act ("ADA") claims cannot be brought against

3

Defendants in their individual capacities and cannot be based on medical decisions. Defendants also contend that Plaintiff's state law claims should be dismissed with his federal claims, or that they should be dismissed due to his failure to provide expert testimony to support them.

The Medical Defendants first argue that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Corizon, Iko, and McBride-Andrews. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The Medical Defendants assert that Plaintiff filed only one medical grievance between September 12, 2010, and September 12, 2013. The Medical Defendants analyzed that time period because it tracks the three year statute of limitations for actions filed in Arkansas. However, Plaintiff's claims were initially part of *Moss v. Corizon Inc. et al.* ED/AR No. 5:12CV00356, but were dismissed without prejudice on September 26, 2012. Arkansas has a savings statute which provides that if a Plaintiff suffers a nonsuit after filing a timely action, he may commence a new action within one year. ARK.CODE.ANN. § 16-56-126. Thus, approximately one year of grievances is unaccounted for, and the Medical Defendants have therefore not met their burden of proving Plaintiff failed to exhaust his administrative remedies as to his claims against Corizon, Iko, and McBride-Andrews.

The Medical Defendants also assert that Plaintiff suffered no Eighth Amendment violation because his medical care was appropriate. To succeed with an inadequate medical care claim, a

plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

The evidence indicates that Plaintiff was diagnosed with diabetes, or hyperglycemia, sometime around 2006. Plaintiff's condition was controlled with diet and Metformin at the EARU. When Plaintiff transferred to Varner in 2008, his medication was changed from Metformin to Glyburide. Records submitted by the Medical Defendants indicate that Plaintiff's blood glucose levels were regularly monitored (docket entry #160-3). Although Plaintiff may have had intermittent low blood glucose levels, and, on at least one occasion needed glucose gel and glucagon to raise his glucose level, there is no indication that any Medical Defendant ignored his condition. Additionally, Robert Floss, M.D., provided an affidavit offering his opinion that Glyburide is an appropriate medication for blood glucose control, hypoglycemia is common in diabetics and frequently occurs overnight, and the medical care Plaintiff received was appropriate (docket entry #160-7). Floss also noted that Plaintiff's canteen records indicate that Plaintiff had access to additional food to aid him in preventing the intermittent low blood glucose levels. Plaintiff has offered no medical opinion to suggest that the care he received was deficient. Accordingly, Plaintiff

cannot demonstrate any constitutional violation for the failure to provide adequate medical care. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).

To the extent that Plaintiff is attempting to pursue an Americans With Disabilities Act claim, it should be dismissed as well. A lawsuit under the ADA may not be based on treatment decisions. *Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005). Additionally, Plaintiff's state law malpractice claims should be dismissed because he has failed to provide any expert medical opinion to support his claims. Arkansas law requires a party claiming medical negligence to prove with expert testimony that a medical provider failed to act in accordance with the standard of care required, and that the failure resulted in injuries that otherwise would not have occurred. ARK. CODE. ANN. § 16-114-206.

ADC Defendants

The ADC Defendants claim that Plaintiff failed to exhaust his administrative remedies with respect to his claims against May, Kelley, Harris, Banks, Golden, Barrow, Thompson, Knight, and Hudson; that no ADC Defendant was deliberately indifferent to Plaintiff's diabetic needs; that Plaintiff's claims against May, Kelley, Harris, Banks, and Golden are based on an improper *respondeat superior* theory; and that they are entitled to sovereign and qualified immunity.

Although the ADC Defendants argue that Plaintiff failed to exhaust his administrative remedies as to some of them, it is clear he exhausted grievances alleging generally that "security" is not letting him go to the infirmary or to eat at the proper time (docket entry#163-10 & #164-5).

The United States Court of Appeals for the Eighth Circuit has determined that failure to name Defendants can be a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion. *See Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam). Although other cases may suggest otherwise, *see Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22, 2013)(unpublished per curim), under the circumstances here, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies.

The undisputed facts show that the ADC Defendants are not medical professionals. Plaintiff's claims against them are in essence that they failed to ensure that he was allowed to eat according to his diabetic schedule, or that his testing or medication administration was delayed. It is undisputed that Plaintiff at times was not able to eat, or get his medication, at the designated time. However, there is no evidence that any Defendant deliberately disregarded his medical needs. Plaintiff's complaint involves a time period dating to 2008. The complaint describes a delay in testing, medication administration, or eating 31 times, and there is no specific pattern of any one individual attempting to delay his eating, testing, or treatment times. Plaintiff filed numerous grievances, some of which were found to be with merit. The bulk of those incidents happened in 2012 when it is undisputed that Plaintiff had access to a personal supply of commissary snacks to aid him in ensuring timely nutrition (docket entry #160-5). In at least some of those cases, delays appear to have been caused by security issues outside Defendants' control (docket entry #165-17). In instances where Plaintiff's glucose level became too low, he was provided medical treatment, and there is no medical evidence to suggest Plaintiff suffered any lasting harm as a result of any delay. *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (when inmate alleges that a delay in

medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay). Accordingly, the ADC Defendants are entitled to summary judgment.[1]

<u>Defendants Anderson and Austin</u>

Anderson and Austin have not been served, and are not parties to the motions. Plaintiff's claims against Anderson appear to be based on his position as former regional director for Corizon. However, *respondeat superior* is not a basis of liability for § 1983 claims. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations). Plaintiff's claims against Austin are that he and Sgt. Madden delayed his feeding time by more than two hours on March 1, 2012 (docket entry #2, pages #38-#39).[2] Assuming that assertion is true, there is no allegation of harm as a result. Plaintiff's claims against Anderson and Austin are too weak to justify further service efforts, and his claims against them therefore should be dismissed without prejudice. *See* FED.R.CIV.P. 4(m) (providing for the without prejudice dismissal of action as to individual Defendant if service not made within 120 days of filing of complaint).[3]

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[1] To the extent that Plaintiff contends that the ADC Defendants violated the ADA, such claims fail for the reasons set forth in the discussion regarding the Medical Defendants' motion.

[2] Plaintiff's complaint also seems to indicate that Austin was instrumental in having Plaintiff taken to the infirmary during a March 5, 2012, incident (docket entry #2, page 339).

[3] To the extent that Plaintiff is attempting to pursue a claim for the alleged failure to respond to his grievances, such claims are not actionable. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).

1. Defendants' motions for summary judgment (docket entries #159 & #162) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against Defendants Rich Hallworth, Kevin Bice, J.M. Courtney, Jack Davidson, Michael Person, Roland Anderson, Young, and Kendall Austin; and DISMISSED WITH PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __21__ day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE